**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **TERRENCE T. COLER,** ) | |
| **(TDCJ # 1926647)** ) | |
|     **Plaintiff,** ) | |
| vs. ) | No. 3:14-CV-2613-D-BH |
| ) | |
| **TDC MAILROOM CLERK, et al.,** ) | |
|     **Defendants.** ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for judicial screening. Based on the relevant filings and applicable law, this case should be **DISMISSED** without prejudice for failure to prosecute or comply with court orders.

**I. BACKGROUND**

On July 21, 2014, Terrence T. Coler (Plaintiff) filed this civil action seeking relief under 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis.* By order dated August 4, 2014, he was granted leave to proceed *in forma pauperis* under the Prison Litigation Reform Act (PLRA) and given preliminary instructions. (*See* doc. 5.) One of these instructions stated:

> 7.   Plaintiff must notify the Court of any change of address by filing a written Notice of Change of Address with the Clerk. Failure to file a notice may result in this case being dismissed for want of prosecution under Fed. R. Civ. P. 41(b).

(*Id.*) The envelope containing Plaintiff's copy of that order was delivered to his address of record at Hutchins State Jail, but it has now been returned to the Clerk of Court, stamped "Return to Sender-Attempted-Not Known-Unable to Forward" with the handwritten notation "released."

The instructions on the form civil rights complaint signed by Plaintiff also informed him of his obligation to keep his address current:

> It is your responsibility to inform the Court of any change of address and its effective date.  Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion(s) for any other relief.  Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

(Compl. Page 2.)  In a "declaration" section at the end of the complaint, Plaintiff subscribed to the statement: "I understand if I am released or transferred, it is my responsibility to keep the Court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit."  (Compl. at 5, declaration 2.)  As of this date, Plaintiff has not updated his address of record.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  Because Plaintiff has failed update his current address as required by the local rules, *see* N. D. Tex. Civ. R. 83.13 and 83.14, the instructions on the form he signed, and a court order, it appears that he no longer seeks to pursue his claims in this case.

## III.  RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute or comply with court orders, unless Plaintiff updates his address within the time for objecting to this recommendation, or some other deadline set by the court.

**SIGNED this 28th day of August, 2014.**

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE